UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN YARCHO, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ISSAQUAH, et al., <br><br> Defendants. | CASE NO. C10-1949MJP <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the City of Issaquah's motion for Summary Judgment. Having reviewed the City's Motion, (Dkt. No. 9), the City's Reply, (Dkt. No. 13), and all attached declarations and exhibits, and noting the absence of any opposition, the Court makes the following rulings:

IT IS ORDERED that Defendant's Motion for Summary Judgment as to Plaintiff's Title VII claim is GRANTED and the claim is DISMISSED.

IT IS FURTHER ORDERED that the Court does not have supplemental jurisdiction over Plaintiff's state claims, and those claims are DISMISSED.

**Background**

Plaintiff is an employee of defendant, the City of Issaquah ("the City"). Plaintiff brings a Title VII discrimination claim against the City as well as state common law claims for wrongful prosecution, harassment, defamation of character, retaliation, and intentional and negligent infliction of emotional distress. In addition to the City, Plaintiff names twelve individuals and fifty John/Jane Does as defendants. There is no evidence that Plaintiff has served any defendants other than the City.

Plaintiff has worked for the City since 2001. (Dkt. No. 1 at 2.) He alleges he has been subjected to racial remarks and threats of termination over the course of his employment. (Id.) Plaintiff specifically describes an incident in which the City charged him with assault for an incident of "horseplay" with a co-worker. (Id. at 4-7.) Plaintiff alleges these charges were racially motivated and intended to develop cause for his eventual termination.

**Discussion**

The City argues Plaintiff has not proven the Court has jurisdiction to hear his Title VII claim because he has failed to show he exhausted his administrative remedies.

"To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." Lyons v. England, 307 F.3d 1092, 1103 (9th Cir. 2002). A plaintiff can demonstrate he has exhausted these remedies by receiving a "right-to-sue letter." Garcia v. Los Banos Unified Sch. Dist., 418 F. Supp. 2d 1194, 1212 (E.D. Cal. 2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973)). Challenges to a court's subject matter jurisdiction "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]" St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). Once this attack is made, the burden shifts to the party

asserting jurisdiction "to present affidavits or any other evidence necessary to … establish that the court, in fact, possesses subject matter jurisdiction." Id.

Plaintiff has failed to establish that he exhausted his administrative remedies and that the Court has subject matter jurisdiction. Plaintiff alleges he filed charges with the Equal Employment Opportunity Commission on or about October 1, 2008, and received a right-to-sue letter on October 9, 2008. (Dkt. No. 1 at 13.) However, Plaintiff has not produced the letter or other evidence in response to the City's motion for summary judgment. The Court views Plaintiff's failure to respond as an admission that the City's motion has merit. Local Rule CR 7(b)(2). Plaintiff has thus failed provide evidence of exhaustion. This failure deprives the Court of jurisdiction over Plaintiff's federal Title VII claim as to all named and unnamed defendants. The Court grants Defendant's motion and dismisses Plaintiff's claim for lack of subject matter jurisdiction.

Because the Court does not have original jurisdiction to hear the Title VII claim, it does not have supplemental jurisdiction over the state law claims. Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). As a result, the Court does not reach the merits of the remaining claims and dismisses the state law claims for lack of jurisdiction.

**Conclusion**

The Court GRANTS the City's motion for summary judgment. Plaintiff has failed to demonstrate he exhausted his administrative remedies. Because of this failure, the Court does not have original jurisdiction over the Title VII claim or supplemental jurisdiction over the state claims. Plaintiff's case is DISMISSED.

//

//

1 | The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

2 | Dated: February 28, 2011.

*[signature]*

Marsha J. Pechman
United States District Judge